Filed 10/9/20  P. v. Moore CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306021 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA037355) |
| v. | |
| MERRICK JOSE MOORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Merrick Jose Moore, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Merrick Jose Moore appeals from a postconviction order denying his motion for a juvenile fitness hearing and for resentencing.  His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496.

In 1997, Moore was convicted of kidnapping for carjacking (Pen. Code,[1] § 209.5, subd. (a); counts 1 & 2), taking a vehicle in the possession of another (§ 215, subd. (a); count 3), kidnapping (§ 207, subd. (a); counts 4 & 5), burglary (§ 459; count 6), and taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); count 7).  His conviction of counts 3, 4, and 5 were overturned on appeal.  He was resentenced in 2000, and his sentence included a five-year term under section 667, subdivision (a)(1).

On March 13, 2020, Moore filed a motion for a juvenile fitness/transfer hearing and for resentencing under Senate Bill No. 620.  The trial court denied the motion because "Proposition 57 and Senate Bill [No.] 620 do not apply to matters that are final."

Moore appealed.  His appellate counsel declared he was unable to find any arguable issues and asked us to follow the procedures in *People v. Serrano, supra,* 211 Cal.App.4th 496. Moore submitted a supplemental brief.  We therefore address the issues he raises in that supplemental brief.  (See generally *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040.)

Moore appears to raise issues that were resolved against him in his direct appeal, *People v. Moore* (1999) 75 Cal.App.4th 37.  To the extent Moore challenges the sufficiency of the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

evidence to support his convictions, the veracity of witnesses, the way the investigation into the crimes occurred, and the effectiveness of his trial counsel, those issues are not cognizable in this appeal or Moore otherwise fails to demonstrate error.

We have examined the record and are satisfied that no arguable issues exist and that his attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



EDMON, P. J.



LAVIN, J.